JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY HAMILTON

### DEFENDANTS
RITE AID CORPORATION

**(b)** County of Residence of First Listed Plaintiff  DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esquire, Console Law Offices LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676; munshi@consolelaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq., 43 P.S. §951 (ADEA and the PHRA)
Brief description of cause:
Plaintiff was discriminated against because of her age.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  12/18/2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #____  AMOUNT____  APPLYING IFP____  JUDGE____  MAG. JUDGE____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Ashton, PA**

Address of Defendant: **4400 Pennell Road, Aston, PA 19041**

Place of Accident, Incident or Transaction: **4400 Pennell Road, Aston, PA 19041**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, **Rahul Munshi**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **12/18/15** _____ **307548**
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **12/18/15** _____ **307548**
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **MARY HAMILTON** | : | CIVIL ACTION |
| v. | : | |
| **RITE AID CORPORATION** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( **x** )

| 12/18/15 | Rahul Munshi | Mary Hamilton |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| **215-545-7676** | **215-814-8920** | **munshi@consolelaw.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HAMILTON<br>Aston, PA 19014<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RITE AID CORPORATION<br>4400 Pennell Road<br>Aston, PA 19041<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Mary Hamilton, brings this action against her former employer, Rite Aid Corporation ("Defendant" or "Rite Aid"). Plaintiff, a long-tenured, high-performing employee of Defendant, was terminated in July 2013 within weeks of complaining to her supervisor and Human Resources ("HR") that she was being discriminated against because of her age.

Plaintiff was discriminated against because of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"). Plaintiff was further retaliated against by Defendant for complaining of age discrimination in the workplace. Plaintiff seeks all damages, including economic loss, compensatory and liquidated damages, and all other relief under applicable federal and state law as this Court deems appropriate.

### II. PARTIES

1. Plaintiff, Mary Hamilton, is a female individual and citizen of the Commonwealth

1

of Pennsylvania.

2. Plaintiff is currently fifty-seven (57) years old and was fifty-four (54) years old when she was terminated by Defendant.

3. Defendant Rite Aid Corporation is a Delaware corporation with a principal place of business in the Commonwealth of Pennsylvania.

4. Defendant is engaged in an industry affecting interstate commerce and, at all relevant times, has regularly conducted business in the Commonwealth of Pennsylvania.

5. At all times material hereto, Defendant has acted as an "employer" within the meaning of the statutes which form the basis of this matter.

6. At all times material hereto, Defendant employed more than twenty (20) individuals.

7. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this matter.

### III. JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under the ADEA and the PHRA.

10. The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11. The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

12. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

13. On or about November 21, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

14. On or about September 21, 2015, the EEOC issued to Plaintiff a Notice of Right to Sue (Issued Upon Request). Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that notice.

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV. FACTUAL ALLEGATIONS

16. Plaintiff was born in October 1958 and is currently fifty-seven (57) years of age.

17. Plaintiff commenced employment with Defendant in 2000 as a pharmacy cashier at Defendant's Aston, PA location.

18. From around 2008 until her termination in July 2013, Plaintiff served as a Shift Supervisor and occasionally interim acting Store Manager at the same location.

19. From 2000 until May 2013, Plaintiff was a dedicated, loyal employee who never received any documentation indicating that her performance was unsatisfactory.

20. In thirteen (13) years of employment, Plaintiff was never placed on any type of performance improvement plan and never received any written discipline regarding performance.

21. Rather, Plaintiff received numerous merit-based accolades for her outstanding

performance and managerial skills.

22. Starting in or around May 2013, Plaintiff began reporting to Tracie Kozempel (25[1]/f), who was hired as the Store Manager.

23. Despite her position as Senior Shift Supervisor and Acting Store Manager during several periods over numerous years, Plaintiff was not hired for the position of Store Manager when it became vacant.

24. Plaintiff expressed her interest in this position to the District Manager, James McWilliams, but was passed over in favor of Ms. Kozempel, a substantially younger employee of Defendant with far fewer years of experience and fewer qualifications.

25. At the time Ms. Kozempel became Store Manager, the Shift Supervisors at this location included:

    a. Plaintiff (age 54);

    b. Kenny Fornwalt (age 23); and

    c. Bill Suter (age 26).

26. Plaintiff was substantially older than every management employee at this store.

27. Nevertheless, upon Ms. Kozempel's hiring as Store Manager, Plaintiff looked forward to continuing to serve as Senior Shift Supervisor and working with Ms. Kozempel.

28. Almost immediately, however, Ms. Kozempel exhibited bias towards Plaintiff, targeted her for termination, and singled her out inappropriately because of Plaintiff's age.

29. By way of example, in or around May 2013, Ms. Kozempel reprimanded Plaintiff for allegedly working "too slowly."

30. Ms. Kozempel specifically stated to Plaintiff that **"because of your age you are not as fast as the other Shift Supervisors."**

---

[1] Ages contained herein are approximates.

31. At the time, Plaintiff was fifty-four (54) years of age and almost thirty (30) years older than Ms. Kozempel.

32. Approximately one (1) week later, Ms. Kozempel repeated her comment to Plaintiff that she was allegedly "too slow" in the presence of Mandy Rhoades, a Rite Aid Store Manager at a different location.

33. Plaintiff immediately expressed to Ms. Kozempel and Ms. Rhoades that she was offended by this comment.

34. Thereafter, in or around mid-May 2013, Plaintiff complained to Casey Long (age 27), Human Resources Representative, about Ms. Kozempel's comments and how she felt targeted by her new Store Manager because of her age.

35. Plaintiff engaged in protected activity by complaining to Mr. Long about age discrimination.

36. Upon information and belief, Mr. Long did not counsel Ms. Kozempel for the discriminatory comments. Instead, Mr. Long and Ms. Kozempel launched a campaign against Plaintiff in an effort to push Plaintiff out of her employment with Rite Aid.

37. Later in May 2013, Plaintiff complained to Ms. Kozempel in her office about the age-discriminatory comments that Ms. Kozempel had made to Plaintiff.

38. Plaintiff engaged in protected activity by complaining to Ms. Kozempel about age discrimination.

39. On or about June 28, 2013, Mr. Long met with Nicholas Simonetti (age 23), a Sales Representative at the Aston location and subordinate of Plaintiff.

40. Mr. Long asked Mr. Simonetti about alleged store infractions by Plaintiff.

41. Mr. Simonetti truthfully told Mr. Long that he felt that Ms. Kozempel was

targeting Plaintiff because of her age, that Plaintiff was being treated unfairly by Defendant, and that Plaintiff was a significantly better employee than Ms. Kozempel.

42. Mr. Long, however, cast aside Mr. Simonetti's appraisal and instead focused on an alleged security breach by Plaintiff.

43. Both Mr. Simonetti and Mr. Suter, who upon information and belief also supported Plaintiff with regard to Rite Aid's investigation, were terminated by Ms. Kozempel and Mr. Long within weeks of participating in the investigation.

44. Despite Mr. Simonetti's cooperation with the investigation and insistence that Plaintiff did not violate any store policy, on or about July 3, 2013, Mr. Long and Ms. Kozempel informed Plaintiff that her employment with Defendant would be terminated.

45. Mr. Long stated that Plaintiff breached security protocol because she supposedly allowed her daughter into the office of the store after store hours.

46. In reality, Plaintiff's daughter was allowed into the store **during** store hours and was **not** permitted into a non-customer area.

47. Defendant's time-stamped security camera footage corroborates Plaintiff's, and Mr. Simonetti's, recitation of the events.

48. The alleged reason for Plaintiff's termination is pretextual.

49. As Plaintiff and Mr. Simonetti told Mr. Long, Ms. Kozempel targeted Plaintiff because of her age and sought to have her terminated upon her arrival as Store Manager.

50. Plaintiff was also singled out while Mr. Fornwalt (age 23) was never reprimanded, let alone terminated, for having his friend and former co-worker, Steve Schoell, on location after store hours and in non-customer areas of the store.

51. Mr. Fornwalt has not complained of age discrimination by Defendant.

6

52. Mr. Simonetti alerted Ms. Kozempel and Mr. Long of Mr. Fornwalt's serious security infractions, but no investigation was completed and no discipline handed out.

53. As a Shift Supervisor, Mr. Fornwalt is a comparator to Plaintiff.

54. The termination of Plaintiff's employment was discriminatory and in retaliation for Plaintiff's complaints of age discrimination.

55. Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff and in the termination of Plaintiff.

56. Plaintiff engaged in protected activity by complaining of the age discrimination to which she was subjected.

57. Plaintiff's complaining of discrimination was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, and in the termination of Plaintiff's employment.

58. The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

59. Defendant has failed to provide a legitimate, non-discriminatory and non-retaliatory reason for Plaintiff's termination.

60. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

61. The conduct of Defendant, as set forth above, was willful under the

circumstances, was done by and with knowledge of upper management, and warrants the imposition of liquidated damages against Defendant.

## COUNT I – ADEA

62. Plaintiff incorporates herein by reference paragraph 1 through 61 above, as if set forth herein in their entirety.

63. Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

64. Plaintiff's complaints of age discrimination was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

65. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

66. Said violations were willful and warrant the imposition of liquidated damages.

67. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

## COUNT II - PHRA

70. Plaintiff incorporates herein by reference paragraphs 1 through 69 above, as if set forth herein in their entirety.

71. Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

72. Plaintiff's complaints of age discrimination was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

73. By committing the foregoing acts of discrimination and retaliation, Defendant has violated the PHRA.

74. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

75. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

76. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding liquidated damages to Plaintiff under the ADEA;

(h) awarding Plaintiff such other damages as are appropriate under the ADEA and the PHRA;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE LAW OFFICES LLC**

Dated: December 18, 2015

By: _____
Rahul Munshi
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 814-8920 (fax)

Attorneys for Plaintiff,
Mary Hamilton

# Exhibit 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2014-00326 |

Pennsylvania Human Relations Commission and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Mary Hamilton | | 1958 |

Street Address: ▮▮▮▮  City, State and ZIP Code: Aston, PA 19014

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| RITE AID | 500 or More | (610) 494-2055 |

Street Address: 4400 Pennell Road, Aston, PA 19014

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Jan. 2013    Latest: 07-03-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

In January 2000 I began working for Respondent and my last position was Shift Supervisor. Since at least January 2013, Jim McWilliams, District Manager, was aware of my desire to fill the open position of Manager. In or about May 2013, I complained of discrimination to Tracie Kozumel (age less than 30), Manager, because Ms. Kozumel had explicitly stated and regularly insinuated that my performance suffered due to my age, and also because Kenneth Fornwalt (age less than 30), Shift Supervisor, repeatedly referred to others as "gay" and spread rumors about me. In June 2013, I complained to Casey Long, HR Director, about the conduct of Mr. Fornwalt and Ms. Kozumel. On July 3, 2013, Mr. Long discharged me.

Mr. McWilliams did not advertise the frequently open Manager position and never selected me for it. Mr. Long discharged me because my daughter entered the store near closing time and I had periodically worked off the clock. Despite the strict application of Respondent's policy in my case, Mr. Long did not similarly discipline Jill (LNU, age less than 30), Shift Supervisor, when she had her brother work after hours in Store 1112, or when Mr. Fornwalt had an ongoing romantic relationship with a female subordinate and had a previously discharged employee in the store after closing time.

I believe I have been discriminated against in violation of the Age Discrimination in Employment Act of 1967, as amended, because of my age (40+) and protected activity in that Respondent subjected me to harassment, less favorable terms and conditions of employment, and retaliatory discharge.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 21, 2013  /s/ Mary E. Hamilton
Date    Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

2013 NOV 21 P 2:56
PHILADELPHIA D.O.
RECEIVED – EEOC

# Exhibit 2

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mary Hamilton <br> ▆▆▆▆▆▆▆▆▆▆ <br> Aston, PA 19014 | From: | Philadelphia District Office <br> 801 Market Street <br> Suite 1300 <br> Philadelphia, PA 19107 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-00326 | Legal Unit, <br> Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*          9/21/15

Enclosures(s)         **Spencer H. Lewis, Jr.,**       *(Date Mailed)*
                      District Director

cc:   **Rite Aid Corporation** <br>
      Rahul Munshi, Esq. (for Charging Party) <br>
      Theodore A. Schroeder, Esq. (for Respondent)